STORY *v.* THE CENTRAL RAILROAD AND BANKING COMPANY.

This being the first grant of a new trial, the judgment of the court below is                                    *Affirmed.*
July 10, 1893.

Action for damages. Before Judge GAMBLE. Macon superior court. November term, 1892.

MILLER & MILLER and EDGAR F. HINTON, for plaintiff.

---

WHIGHAM *v.* DAVIS *et al.*

The evidence adduced at the hearing not being briefed, and no attempt having been made to brief it, this court declines to scrutinize it minutely, immaterial matter being blended with the material. The plaintiff in error has not made it legally apparent that there was any abuse of discretion in denying the injunction and *mandamus* prayed for, more especially as the double remedy of injunction and *mandamus* is not appropriate for one and the same case. *Dibble* v. *Pease*, 59 *Ga.* 618.      *Judgment affirmed.*
July 17, 1893.

Petition for injunction and *mandamus*. Before Judge HANSELL. Decatur county. March 10, 1893.

A. L. TOWNSEND, O. G. GURLEY and RUSSELL & RUSSELL, by HARRISON & PEEPLES, for plaintiff. DONALSON & HAWES and G. F. WESTMORELAND, for defendants.

---

FUSSELL *et al. v.* SHORT *et al.*

The interlocutory injunction prayed for having been denied, and there being no brief of the evidence, nor any attempt to brief it, but the whole evidence having been brought up by copy, with no separation of the immaterial from the material, the judgment of the court below is taken as correct, in view of the act of 1889 which prescribes the exclusive method of bringing cases to this court, and requires the evidence to be briefed.
July 17, 1893.                                *Judgment affirmed.*

MILLER & MILLER and W. D. CRAWFORD, for plaintiffs.
THORNTON & McMICHAEL and G. P. MUNRO, for defendants.

---

SMITH *v.* THE MAYOR AND COUNCIL OF DALTON.

A bill of exceptions which complains of error in granting a nonsuit,
and which sets out the evidence adduced on the trial, but neither
states that none of the record is material nor specifies any part as
being material, and to which the judge's certificate is in the form
used prior to the act of November, 1889, instead of conforming to
the provisions of that act, cannot, over a motion to dismiss the
writ of error, be entertained, inasmuch as the writ is different
from that prescribed as the exclusive mode of bringing cases to
this court.                                *Writ of error dismissed.*

July 10, 1893.

JONES & MARTIN, for plaintiff.
MADDOX & STARR, for defendant.

---

AYCOCK *v.* THE BANK OF BAINBRIDGE.

When the judgment of the superior court which is sought to be re-
viewed is one denying or overruling a motion for a new trial, and
the bill of exceptions neither sets forth any evidence nor specifies
any as material to be sent up, and does not state that none of the
evidence is material, and where the certificate of the judge to the
bill of exceptions makes no mention of or reference to any evi-
dence, there is no proper writ of error applicable to the case sought
to be brought up, and the motion to dismiss the defective writ for
this reason must be granted.               *Writ of error dismissed.*

July 17, 1893.

O. G. GURLEY, by brief, for plaintiff in error.
RUSSELL & RUSSELL, by HARRISON & PEEPLES, *contra.*